# (January 11, 1983)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN SOLLARS, Appellant. — Judgment of the Supreme Court, New York County (Marks, J.), rendered June 12, 1981, convicting defendant after a jury trial of robbery in the first degree (Penal Law, § 160.15) and grand larceny in the second degree (Penal Law, § 155.35) and sentencing him to concurrent terms of from two to six years and from zero to three years, unanimously modified, on the law and the facts, to the extent of reducing the defendant's conviction of the crime of robbery in the first degree to a conviction of robbery in the third degree (Penal Law, § 160.05) and otherwise affirmed, and the case is remanded to the Supreme Court for sentencing on the robbery, third degree conviction. The defendant was indicted and charged with two counts of robbery in the first degree (Penal Law, § 160.15), one count of robbery in the second degree (Penal Law, § 160.10) and one count of grand larceny in the second degree (Penal Law, § 155.35). The indictment arose out of an incident that occurred on January 15, 1981, when a taxicab driver was robbed at knifepoint by two men and a woman acting in concert. This defendant was the only perpetrator arrested. He was convicted after trial of one count of robbery in the first degree and one count of grand larceny in the second degree. After the commencement of the trial the defendant moved to dismiss the two robbery, first degree, counts claiming that they were confusing, prejudicial and defective in that they failed to make out the crime of robbery in the first degree as defined in the Penal Law. In response to the motion, the People moved to amend the counts and the court granted that motion. As initially returned by the Grand Jury, the first count of the indictment charged that "in the course of the commission of the crime and of the immediate flight therefrom, he [defendant] was armed with a dangerous instrument, to wit, a knife", and the second count charged that "in the course of the commission of the crime and of the immediate flight therefrom, [defendant] was armed with a dangerous instrument, to wit, a razor." The amendment permitted by the court deleted from the first count, the language "he was armed with a dangerous instrument, to wit, a knife" and substituted in place thereof, the language that defendant "used or threatened the immediate use of a dangerous instrument, to wit a knife"; and as to the second count, the

language "he was armed with a dangerous instrument, to wit, a razor" was deleted and the language "another participant in the crime used or threatened the immediate use of a dangerous instrument, to wit a razor" was substituted. These amendments were said to be necessary to conform the indictment to the facts that were presented to the Grand Jury. It would appear that during the course of the robbery, this defendant was allegedly armed with a knife and his unapprehended codefendant was alleged to have been armed with a razor. Each of them was alleged to have threatened the use or immediate use of those dangerous instruments. Following the close of the evidence, the People moved to consolidate the amended counts of robbery in the first degree into a single count for the avowed purpose of avoiding confusion to the jury. Over the strenuous objection of the defendant the court granted the motion to combine the amended counts of robbery in the first degree to read as follows: "The defendant and another in the County of New York on or about January 15, 1981 forcibly stole from Michael Colon certain property, to wit a sum of money and personal property and in the course of the commission of the crime and of the immediate flight therefrom he used or threatened the immediate use of a dangerous instrument, to wit a knife and/or a razor." On appeal defendant argues that the counts in question, as returned by the Grand Jury, failed to allege sufficient to make out the crime charged, and that the amendments were improper in that they were designed to cure the insufficiency of the factual allegations in violation of the prohibitions of CPL 200.70 (subd 2, par [b]). We agree. His argument, however, that the combined count is duplicitous is without merit. Being "armed with a dangerous instrument" as this indictment initially charged in counts 1 and 2 is an insufficient factual predicate for a charge or conviction of robbery in the first degree under section 160.15 of the Penal Law. CPL 200.70 (subd 2, par [b]) prohibits the amendment of an indictment "in any respect which changes the theory or theories of the prosecution as reflected in the evidence before the grand jury which filed it", and also forbids an amendment made "for the purpose of curing * * * [I]egal insufficiency of the factual allegations". Thus the amendments were improper and defendant's conviction of the crime of robbery in the first degree cannot stand. The evidence overwhelmingly established his guilt of the lesser included crime of robbery, third degree, however, and we therefore modify his judgment of conviction by reducing his conviction of robbery, first degree, to a conviction of the lesser included offense of robbery, third degree, and remand to the court below for sentencing, and otherwise affirm. Concur — Murphy, P. J., Kupferman, Markewich, Bloom and Alexander, JJ.