In the Matter of MICHAEL MELDISH, Petitioner, v WILLIAM BRAATZ et al., Respondents.

Second Department, March 5, 1984

APPEARANCES OF COUNSEL

*Jacob D. Fuchsberg* (*Bennett M. Epstein* of counsel), for petitioner.

*Joseph M. Costello, District Attorney* (*Thomas F. Purcell* of counsel), for respondents.

OPINION OF THE COURT

*Per Curiam.*

Pursuant to Putnam County indictment No. 92/1982, petitioner and four codefendants were charged jointly with the crime of assault in the second degree committed in the following manner: "The defendants, in the Town of Putnam Valley, County of Putnam and State of New York, on or about the 24th day of October, 1982, acting in concert and each aiding and abetting the other, with intent to cause serious physical injury to another person, to wit, John Joseph Mazzei, did cause such injury to John Joseph Mazzei by striking him around the head and body." Concomitantly, and as a result of the same Grand Jury presentation, the petitioner was separately indicted under Put-

nam County indictment No. 88/1982 and charged with the further crimes of assault in the first degree and reckless endangerment in the first degree committed as follows:

### COUNT NO. 1

"The defendant, in the Town of Putnam Valley, County of Putnam and State of New York, on or about the 24th day of October, 1982, with intent to cause serious physical injury to another person, to wit, John Joseph Mazzei, did cause such injury to John Joseph Mazzei by means of a deadly weapon or dangerous instrument, to wit, a shotgun."

### COUNT NO. 2

"The defendant in the Town of Putnam Valley, County of Putnam and State of New York, on or about the 24th day of October, 1982 * * * under circumstances evincing a depraved indifference to human life, recklessly engaged in conduct which created a grave risk of death to other persons, to wit, the defendant did fire a shotgun in the direction of Diane Janeck, Richard Stumbo and John Joseph Mazzei."

Although it is clear from the bill of particulars served by the People that the incident giving rise to both indictments occurred at approximately the same time and place (i.e., "at approximately 6:45 P.M. at Perry's Farm * * * in the vicinity of a barn located thereon"), the theory of the prosecution as revealed elsewhere in its bill of particulars and in the Grand Jury minutes is that the group assault underlying indictment No. 92/1982 was perpetrated in a corral adjacent to the Perry barn, while the acts underlying indictment No. 88/1982 were perpetrated subsequently *inside* the barn by the petitioner *alone.*

In October of 1983, the petitioner and his four codefendants were placed on trial under indictment No. 92/1982, and following a motion made at the close of the People's case were successful in obtaining a trial order of dismissal (CPL 290.10, subd 1) dismissing its only count on the ground that there was a "total failure [of proof] to show [that] the parties were aiding and abetting each other and acting in concert" in committing the alleged assault. No appeal from this order could be taken by the People (see *People v Brown,* 40 NY2d 381, cert den 433 US 913). When

the present indictment (No. 88/1982) was thereafter moved for trial, the petitioner sought to have the indictment dismissed on the ground, *inter alia,* that the prosecution was barred by the doctrine of double jeopardy (CPL 40.20) and, more particularly, CPL 40.20 (subd 2). Following an adverse determination by the County Court (BRAATZ, J.), on January 6, 1984, this proceeding was commenced.

In our view, the petition must be granted to the extent of barring the petitioner's prosecution under the first count of the pending indictment, but otherwise denied.

That prohibition will lie to bar a prosecution which is about to proceed in violation of the statutory preclusion against double jeopardy set forth in CPL 40.20 (subd 2) is no longer open to serious question (see *Matter of Abraham v Justices of N. Y. Supreme Ct.,* 37 NY2d 560, 564; *People v Lindsly,* 99 AD2d 99; *Matter of Auer v Smith,* 77 AD2d 172, app dsmd 52 NY2d 1070; see, also, Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 40.10, pp 243-244). What remains to be determined, however, is whether the incidents with which we are here concerned comprise a single "criminal transaction" as that term is defined in CPL 40.10 (subd 2), for in that event the petitioner's previous prosecution under indictment No. 92/1982 will operate as a bar to the pending criminal action unless one of the specific exceptions set forth in CPL 40.20 (subd 2) can be found to be applicable. Insofar as is here pertinent, the term "criminal transaction" is defined to mean "conduct which establishes at least one offense, and which is comprised of two or more or a group of acts either (a) so closely related and connected in point of time and circumstance of commission as to constitute a single criminal incident, or (b) so closely related in criminal purpose or objective as to constitute elements or integral parts of a single criminal venture" (CPL 40.10, subd 2).

With this definition in mind and from our review of the record (which includes, *inter alia,* a copy of the Grand Jury minutes), we have reached the conclusion that the charges *sub judice* and the charge embodied in the dismissed indictment (No. 92/1982) are, in fact, based upon a lone "criminal transaction". It clearly appears that the events giving rise to both indictments had their origin in an

exchange of words which allegedly took place between the petitioner and John Joseph Mazzei in the Perry corral on the day in question, whereupon the petitioner's codefendants under indictment No. 92/1982 descended upon Mr. Mazzei and struck him, *inter alia,* with their fists. Then, for reasons which do not clearly appear, the attack abated and an associate of Mr. Mazzei's was able to assist him into an adjoining barn. At this point, however, the altercation resumed, and it was during this renewed period of fighting that the petitioner allegedly committed the acts underlying the pending indictment (No. 88/1982), i.e., striking Mr. Mazzei over the head with a shotgun (assault in the first degree) and then firing the weapon in the direction of Mazzei and his companions (reckless endangerment in the first degree).

Although the foregoing scenario compels the conclusion that the events underlying both indictments were sufficiently related in time and circumstance to constitute integral parts of "a single criminal incident" (CPL 40.10, subd 2, par [a]), our inquiry is not ended, as the operative statute (CPL 40.20, subd 2) pertinently provides that "[a] person may not be separately prosecuted for two offenses based upon the same act or criminal transaction *unless:* (a) [t]he offenses as defined have substantially different elements *and* the acts establishing one offense are in the main clearly distinguishable from those establishing the other" (emphasis supplied). In this regard, we have reached the conclusion that the substantive crime charged in the sole count of the dismissed indictment (assault in the second degree) is sufficiently dissimilar from that charged in the second count of the pending indictment to fall within the first half of the cited exception, as there exists no definitional similarity between the crimes of assault in the second degree committed pursuant to subdivision 1 of section 120.05 of the Penal Law and reckless endangerment in the first degree (Penal Law, § 120.25). Thus, the Penal Law provides, *inter alia,* that a person is guilty of assault in the second degree when, "[w]ith [the] intent to cause serious physical injury to another person, he causes such injury to such person or to a third person" (Penal Law, § 120.05, subd 1), while it further provides that a person is

guilty of reckless endangerment in the first degree when, "under circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person" (Penal Law, § 120.25). Moreover, an analysis of the record reveals that the acts relied on to establish the crime of reckless endangerment in the first degree as charged in the second count of the pending indictment are clearly distinguishable from those underlying indictment No. 92/1982, and involve the alleged firing of a shotgun, in the barn, in the direction of Mazzei and his associates, with no resulting physical injury. The statutory exception contained in CPL 40.20 (subd 2, par [a]) is therefore applicable to the second count of indictment No. 88/1982 (cf. *Matter of Auer v Smith,* 77 AD2d 172, *supra*).

Accordingly, while none of the statutory exceptions set forth in CPL 40.20 (subd 2) may be deemed applicable to the first count of the pending indictment (assault in the first degree), and the petitioner's continued prosecution thereon is therefore precluded, there exists no impediment to his continued prosecution on the remaining count of indictment No. 88/1982, i.e., reckless endangerment in the first degree. For this reason, the petition is granted only to the extent that he may not be prosecuted on the first count of the indictment.

MOLLEN, P. J., MANGANO, WEINSTEIN, BROWN and RUBIN, JJ., concur.

Petition granted, on the law, without costs or disbursements, to the extent that the petitioner may not be prosecuted on the first count of indictment No. 88/1982; proceeding otherwise dismissed on the merits. The stay granted by this court on January 9, 1984 is vacated.