■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SUE L. GILBO, Appellant. [813 NYS2d 574]—

Kane, J. Appeal from a judgment of the County Court of St. Lawrence County (Rogers, J.), rendered January 24, 2005, upon a verdict convicting defendant of the crimes of criminal trespass in the second degree and petit larceny.

Defendant was indicted for burglary in the second degree and grand larceny in the fourth degree based on allegations that she broke into a trailer where she believed her estranged husband was staying and stole DVDs and NASCAR paraphernalia belonging to the tenant. Upon defendant's motion, County Court reduced the grand larceny count to petit larceny. The jury convicted defendant of petit larceny and criminal trespass in the second degree, a lesser included offense of the burglary count. After being sentenced to probation, defendant appealed.

At trial, the People mentioned in their opening statement that defendant's husband acquired an order of protection against her which was in effect at the time of this crime, which order was later admitted into evidence over defendant's objection. Defendant was not deprived of a fair trial when County Court allowed the prosecution to discuss the order of protection and admit it into evidence. In a burglary case, the People are not required to state or prove which particular crime the defendant intended to commit within the building unless the People limit their theory to one specific crime (see People v Barnes, 50 NY2d 375, 379 n 3 [1980]; People v Kownack, 20 AD3d 681, 682 [2005]; People v Brown, 251 AD2d 694, 695-696 [1998], lv denied 92 NY2d 1029 [1998]). Inclusion of a larceny count in the same indictment did not limit the prosecution's theory under the burglary count (see People v Goldsmith, 127 AD2d 293, 295-296 [1987], lv denied 70 NY2d 711 [1987]). The People could attempt to prove that defendant, while in the dwelling, intended either to steal property—the crime of larceny—or to engage in conduct prohibited by the order of protection—the crime of criminal contempt (cf. People v Lewis, 5 NY3d 546, 548 [2005]). That the single count of burglary could be proven based on

defendant's intent to commit one of two different crimes inside the building did not render that count of the indictment duplicitous (*see People v Giordano,* 296 AD2d 714, 715 [2002], *lv denied* 99 NY2d 582 [2003]; *compare* CPL 200.30 [2]). Admission of the order of protection and testimony about it did not violate *Molineux* because this evidence was relevant to establishing an element of the crime charged, defendant's intent (*see People v Mathias,* 7 AD3d 824, 825-826 [2004]). The prosecution's failure to provide defense counsel a copy of the order did not violate any discovery statute or order and defendant possessed a copy of the order which was served upon her in connection with other proceedings. In any event, counsel was not prejudiced because under the alibi defense defendant could not have intended to commit a crime in the building because she alleged she was not there.

Defendant's other arguments do not require extensive discussion. Crediting the testimony of the People's witnesses, the conviction here is supported by sufficient evidence (*see People v Bleakley,* 69 NY2d 490, 495 [1987]). Although the prosecutor at times asked leading questions of one witness, such conduct did not deprive defendant of a fair trial (*see People v Grajales,* 294 AD2d 657, 658 [2002], *lv denied* 98 NY2d 697 [2002]). Defendant's allegations of ineffective assistance of counsel amount to nothing more than second-guessing counsel's strategy, rather than truly ineffective behavior, especially considering that defendant was indicted on two felonies and only convicted of misdemeanors (*see People v Gross,* 21 AD3d 1224, 1224 [2005]; *People v De Fayette,* 16 AD3d 708, 709 [2005], *lv denied* 4 NY3d 885 [2005]). Any remaining contentions are without merit.

Mercure, J.P., Crew III, Peters and Rose, JJ., concur. Ordered that the judgment is affirmed.