■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ABDO KAID, AMIN KOBAS, AHMED MOGHALESS, and ADIN ZANDIN, Respondents. [842 NYS2d 55]—

Appeals by the People from (1) so much of an order of the Supreme Court, Kings County (Di Mango, J.), dated June 14, 2005, as, upon reargument, adhered to a prior determination in an order of the same court dated April 27, 2005, granting those branches of the defendants' omnibus motions which were to dismiss the first and third counts of the indictment alleging assault in the second degree and menacing in the second degree, respectively, on the ground that those counts were duplicitous, and (2) so much of an order of the same court dated July 24, 2006, as, upon, sua sponte, reconsidering the order dated June 14, 2005, made upon reargument, adhered to the determination in the order dated June 14, 2005.

Ordered that order dated June 14, 2005, is reversed insofar as appealed from, on the law, upon reargument, the order dated April 27, 2005, is vacated, those branches of the defendants' omnibus motions which were to dismiss the first and third counts of the indictment alleging assault in the second degree and menacing in the second degree, respectively, are denied, the first and third counts of the indictment are reinstated, the order dated July 24, 2006, is vacated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings on the indictment, and it is further,

Ordered that the appeal from the order dated July 24, 2006, is dismissed as academic in light of our determination on the appeal from the order dated June 14, 2005.

On the evening of July 23, 2004, the complainant was working in a Brooklyn grocery store when he became involved in a dispute with his employer, Amin Kobas, over the payment of back wages. After all of the customers had left the store, manager Ahmed Moghaless instructed another employee, Adin Zandin, to lock the door. Kobas, Moghaless, Zandin, and a fourth man, Abdo Kaid, then allegedly attacked the complainant, beating and kicking him with their hands and feet, and assaulting him with various weapons. According to the complainant, during the course of the assault Moghaless hit him in the head with a gun, Kobas hit him in the face and forehead with a closed knife, and Kaid hit him in the head and back of the neck with a stick. The complainant lost consciousness and suffered injuries which included a broken facial bone. All four assailants were subsequently arrested and indicted on charges, inter alia, of having acted in concert to commit one count of assault in the second degree by use of a dangerous instrument (Penal Law § 120.05 [2]), and one count of menacing in the second degree (Penal Law § 120.14 [1]).

After inspecting and reviewing the grand jury minutes, the Supreme Court dismissed the assault and menacing counts of the indictment, concluding that they were duplicitous. Although the court thereafter granted the People's motion for leave to reargue, it adhered to its determination dismissing the assault and menacing counts. In support of its conclusion that the counts were duplicitous, the court noted that the complainant had testified that three of the four defendants assaulted him with different weapons during the attack, and that each weapon caused discrete physical injuries to different parts of his body. The court also reasoned that the assault count had been submitted to the grand jury "in a manner which did not require 12 or more grand jurors to find that any particular item was the instrumentality which caused the complainant's physical injury." During the pendency of the People's appeal from the order made upon reargument, the Supreme Court, sua sponte, reconsidered the issues raised by the parties' prior motions, and adhered to the determination made in that order. We disagree with the court's conclusion that the subject counts are duplicitous, reverse the determination in the order made upon reargument, and reinstate the first and third counts of the indictment.

Each count of an indictment may charge only one offense (*see* CPL 200.30 [1]), and a count which charges the commission of a particular offense occurring repeatedly during a designated period of time is duplicitous (*see People v Keindl*, 68 NY2d 410, 417-418 [1986]). The requirement that separate counts of an indictment charge no more than one offense serves to ensure that a defendant is provided with "fair notice of the charges against him so that he can defend himself and establish the defense of double jeopardy if an attempt is made to reprosecute him after acquittal or conviction of those charges" (*People v Davis*, 72 NY2d 32, 38 [1988]). Prohibiting duplicitous counts also prevents the possibility that individual jurors might vote to convict a defendant of a count on the basis of different offenses, thus permitting a conviction even though no unanimous verdict has been reached (*see People v Davis*, 72 NY2d at 38; *People v Keindl*, 68 NY2d at 418).

Here, the defendants were properly charged with one count of assault in the second degree and one count of menacing in the second degree because the charges against them stemmed from a single criminal transaction (*see* CPL 40.10; *Matter of Meldish v Braatz*, 99 AD2d 316, 318-319 [1984]). According to the testimony presented to the grand jury, the four defendants, acting in concert, committed one continuous assault upon the complainant over a short period of time, with no pronounced

break. The fact that more than one dangerous instrument allegedly was used by the defendants, and more than one blow was struck causing the complainant several injuries, does not transform this single criminal incident into multiple assaults or acts of menacing which must be charged by separate counts (*see People v Hines,* 39 AD3d 968 [2007]; *People v Pyatt,* 30 AD3d 265 [2006]; *People v Sollars,* 91 AD2d 909 [1983]).

Furthermore, the assault and menacing counts of the indictment are not duplicitous merely because of the possibility that a jury could convict the defendants without reaching a unanimous agreement as to which one or more of the three alleged dangerous instruments was used, and which caused the complainant's physical injuries. One of the concerns underlying the prohibition against duplicitousness is that individual jurors might vote to convict a defendant of a single count of an indictment on the basis of different offenses (*see People v Keindl,* 68 NY2d at 418). However, no such concerns are implicated where, as here, a count charges a single offense but the evidence presented suggests alternative means by which an element of that offense may have been committed.

This point is illustrated by the decision of the Court of Appeals in *People v Wells* (7 NY3d 51 [2006]). In that case, the defendant and a codefendant were fleeing from the scene of an armed robbery when they encountered two undercover detectives. One of the detectives announced that he was a police officer and ordered the men to stop. The defendant responded by firing his gun twice in the direction of the two detectives as he ran up the street. The defendant subsequently was apprehended and charged with multiple offenses, including attempted murder of a police officer in the first degree. At the close of proof at trial, the defendant moved to dismiss the count of the indictment charging him with attempted murder of a police officer in the first degree, arguing that it was duplicitous because the evidence failed to establish which detective he intended to kill. However, the trial court submitted both attempted murder of a police officer in the first degree, and the lesser-included offense of attempted murder in the second degree, to the jury. The trial court instructed the jury that the greater offense required a finding that the defendant intended to kill a police officer who was engaged in the course of performing his official acts, and that the lesser offense required a finding that the defendant intended to cause the death of "another person." The defendant objected to these instructions on the ground that they would allow the jury to convict without unanimously identifying the individual that he sought to kill, and that the count of at-

tempted murder in the first degree was therefore duplicitous. The defendant was ultimately convicted of the lesser-included offense of attempted murder in the second degree. On appeal, he continued to maintain that the count of attempted murder in the first degree was duplicitous because the evidence at trial failed to specify which officer he intended to kill. In rejecting the defendant's argument, the Court of Appeals noted that the offense of murder in the first degree pursuant to Penal Law § 125.27 (1) (a) (i) is committed when, with intent to kill a police officer engaged in the performance of official duties, the defendant causes the death of that officer or a third person, and the defendant knew or reasonably should have known that the intended victim was a police officer. The Court also noted that the lesser-included offense of murder in the second degree similarly required an intent to kill, but that that intent could be directed at "another person" who need not be a police officer. The Court then reasoned that since the identity of the specific police officer against whom the defendant's murderous intent was directed was not an element of attempted murder in the first degree or attempted murder in the second degree, the trial court's refusal to instruct the jury that it had to unanimously determine which detective the defendant intended to kill did not render the attempted murder counts duplicitous. The Court concluded that each count charged a single crime based on a single incident that tended to effect the crime of murder, accomplished while the defendant acted with the intent to cause the death of a police officer or another person.

Analogously, it has also been held that a count of an indictment which charges a defendant with burglary is not duplicitous where it is based upon an intent to commit one of two different crimes inside a dwelling. In *People v Gilbo* (28 AD3d 945 [2006]), the defendant was charged with burglary in the second degree and grand larceny in the fourth degree based on allegations that she broke into a trailer where she believed her estranged husband was staying, and stole items belonging to a tenant who resided in the trailer. At trial, the People introduced evidence that the defendant's husband had obtained an order of protection against her which was in effect at the time of the crime. The defendant was convicted of petit larceny and criminal trespass in the second degree, a lesser-included offense of the burglary count. In rejecting the defendant's argument that the burglary count was duplicitous, the Appellate Division, Third Department, pointed out that in a burglary case, the People are not required to state or prove which particular crime the defendant intended to commit within the building unless they limit their theory to one specific crime (*see People v Barnes,*

50 NY2d 375, 379 n 3 [1980]). Thus, the *Gilbo* court reasoned that "[t]he People could attempt to prove that defendant, while in the dwelling, intended either to steal property—the crime of larceny—or to engage in conduct prohibited by the order of protection—the crime of criminal contempt . . . [t]hat the single count of burglary could be proven based on defendant's intent to commit one of two different crimes inside the building did not render that count of the indictment duplicitous" (*People v Gilbo*, 28 AD3d at 945-946).

Similarly, the Appellate Division, First Department, in *People v Frascone* (271 AD2d 333 [2000]), rejected a defendant's contention that a robbery count was duplicitous because there was evidence that he had stolen two different types of property. In that case, where the indictment charged the defendant with taking the victim's car and money, the court found that the jury had been properly instructed that it could convict the defendant of robbery on the basis of taking either the car or the money, and concluded that the trial court's determination to charge the jury in the disjunctive did not render the robbery count of the indictment duplicitous.

It has also been held that where multiple acts constitute one scheme to commit grand larceny against a single victim, a count which so charges is not duplicitous (*see People v Arnold*, 15 AD3d 783; 785 [2005]; *People v Kindlon*, 217 AD2d 793, 795 [1995]). Thus, in *People v Arnold* (*supra*), where the challenged counts charged the defendants with having submitted numerous fraudulent claims for services provided to Medicaid recipients as part of a scheme to unlawfully obtain reimbursement for a particular therapy service, the court concluded that the counts were not duplicitous despite the obvious possibility that a jury might not agree that all of the underlying claims were fraudulent.

In the case at bar, the indictment charged the defendants with assault in the second degree pursuant to Penal Law § 120.05 (2), which provides that a person is guilty of this offense when, "[w]ith intent to cause physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument." The defendants were also charged with menacing in the second degree under Penal Law § 120.14 (1), which provides that a person is guilty of this offense when "[he] or she intentionally places or attempts to place another person in reasonable fear of physical injury . . . by displaying a . . . dangerous instrument." Although both statutory provisions require the use or display of a dangerous instrument, the particular identity of the danger-

ous instrument is not an element of these offenses. Accordingly, the defendants may properly be charged with a single count of assault in the second degree based upon evidence that they acted in concert to intentionally cause physical injury to the complainant by means of a dangerous instrument, regardless of whether more than one dangerous instrument allegedly was used (*see People v Holmes*, 9 AD3d 689 [2004] [legally sufficient evidence to support the defendant's conviction of burglary in the first degree and a single count of assault in the second degree was presented where the metal object he used to strike the victim in the head could have been either a hammer or a screwdriver]). Similarly, the defendants may also properly be charged with a single count of menacing in the second degree based upon evidence that they acted in concert to intentionally place the complainant in fear of physical injury by displaying a dangerous instrument. We thus conclude that the counts of the indictment alleging assault in the second degree and menacing in the second degree are not duplicitous, and should be reinstated.

Motion by the respondent Ahmed Moghaless on appeals from two orders of the Supreme Court, Kings County, dated June 14, 2005, and July 24, 2006, respectively, to unseal and release to him any and all minutes of the grand jury proceedings conducted in the above-entitled action. By decision and order on motion of this Court dated March 3, 2006, the motion was held in abeyance and referred to the Justices hearing the appeals for determination upon the argument or submission of the appeals.

Upon the papers filed in support of the motion and the papers filed in opposition or in relation thereto, and upon this Court's in camera review of the grand jury minutes, and upon the argument of the appeal, it is

Ordered that the motion is denied. Schmidt, J.P., Crane, Krausman and Dickerson, JJ., concur.