OPINION OF THE COURT
Memorandum.
Judgment of conviction affirmed.
Defendant, a live-in home health aide, was charged with endangering the welfare of an incompetent or physically disabled person (Penal Law § 260.25). The alleged victim was defendant’s client, an elderly woman with physical and communicative impairments, and defendant was charged with pull *84 ing her, thus causing her to fall, and with slapping her. Following a jury trial, defendant was convicted of the offense charged.
Contrary to what defendant contends, the information was facially sufficient (see CPL 100.40 [1]). With respect to defendant’s particular argument that the information did not provide allegations establishing, if true, that the victim was “incompetent” within the meaning of EPTL 1-2.9, we reject this argument. Penal Law § 260.25 incorporates its own definition of an “incompetent or physically disabled person,” which is that the person be “unable to care for himself or herself because of physical disability, mental disease or defect,” and the factual allegations of the information here, if true, established that the victim fell within this definition (see People v Biamonte, 19 Misc 3d 139[A], 2008 NY Slip Op 50896[U] [App Term, 9th and 10th Jud Dists 2008]).
We also disagree with defendant’s assertion that the trial court erred in rejecting a defense challenge for cause to a prospective juror (see generally People v Chambers, 97 NY2d 417 [2002]; People v Rivera, 33 AD3d 303 [2006], affd 9 NY3d 904 [2007]; cf. People v Nicholas, 286 AD2d 861 [2001], affd 98 NY2d 749 [2002]). The prospective juror indicated that she would “be able to sit as a fair and impartial juror in the case,” and nothing else that she said undercut this. Indeed, in the course of discussing her prior geriatric experience, she said, “I would understand two sides to everything.” Although the juror acknowledged that she would be “bringing in” her prior experience, the Court of Appeals has observed that “[w]hile the goal is utter impartiality, each juror inevitably brings to the jury room a lifetime of experience that will necessarily inform her assessment of the witnesses and the evidence” (People v Arnold, 96 NY2d 358, 362 [2001]).
The People’s case rested on a surveillance tape made by the family of the victim. The victim died prior to trial. Defendant takes the position that the trial court erred in admitting the videotape into evidence, over her objection, because a sufficient foundation for admission was lacking. We do not agree. In our view, the testimony of the prosecution witnesses as to the placement and testing of the surveillance camera and the chain of custody of the videotape provided “reasonable assurances” (People v Hawkins, 11 NY3d 484, 494 [2008]) that the camera recorded reliably and that the videotape accurately depicted the events that it purported to depict; hence, to the extent that it can be argued that there was a gap in the chain of *85 custody, it went to the weight of the evidence and not to its admissibility (see id.; People v McGee, 49 NY2d 48, 58-60 [1979]; People v Leach, 203 AD2d 483 [1994]; cf. People v Ely, 68 NY2d 520 [1986]). Consequently, the trial court did not improvidently exercise its discretion in finding the foundation adequate. We also reject defendant’s argument that the quality of the videotape was so poor that the court improvidently exercised its discretion in admitting it (see generally People v Orlando, 61 AD3d 1001, 1002 [2009]).
The court similarly did not improvidently exercise its discretion in admitting into evidence photographs depicting injuries to the victim, because the testimony of the victim’s doctor established that the photographs fairly and accurately depicted the victim’s condition at the time she was seen by him (see generally People v Nevado, 22 AD3d 383 [2005]). To the extent that defendant is now arguing that the photographs were improperly admitted because their potential for prejudice outweighed their probative value, this argument is not preserved for appellate review, and we decline to reach it in the interest of justice.
Defendant also contends that the trial court’s response to a juror inquiry was a “mode of proceedings” error not requiring preservation, and warranting reversal. In our view, there was neither a “mode of proceedings” error nor a preserved claim of error in light of the facts that the court ultimately provided defense counsel with a timely and meaningful opportunity to participate in formulating a response to the inquiry, and that defense counsel did not avail himself of the opportunity (see People v Starling, 85 NY2d 509, 516 [1995]; see also People v Williams, 38 AD3d 429, 431 [2007]; cf. People v Cassell, 62 AD3d 1021 [2d Dept 2009]). Again, we decline to exercise our interest of justice jurisdiction to reach the issue.
Viewed in the light most favorable to the People (see People v Danielson, 9 NY3d 342 [2007]), the evidence was legally sufficient to establish defendant’s guilt. Moreover, the verdict was not, in our opinion, against the weight of the evidence (see Danielson, 9 NY3d 342 [2007]).