OPINION OF THE COURT
William Miller, J.
After an in camera review of the evidence before the grand jury, the court previously found that the indictment was sufficient in a written decision dated January 28, 2015. The defendant then moved to re-inspect and dismiss the indictment on the grounds that the presentation was procedurally defective for violating the best evidence rule and to dismiss counts one and two as duplicitous. The People oppose the motion on all grounds. Defendant’s motion to re-inspect the grand jury minutes is granted (CPLR 2221); however, defendant’s motion to dismiss the indictment or any counts therein is denied (CPL 210.20, 210.35).
Best Evidence
The defense relies upon a violation of the best evidence rule in support of their motion to dismiss the entire indictment. The defense posits that: (a) there was no foundation for admission of a video of the alleged assault on the complainant by the defendant, (b) an incomplete copy of the original footage was shown to the grand jury, (c) the copy of the video may have been played with secondhand audio commentary, (d) the copy of the video was highly inflammatory because of the auditory commentary, and (e) the victim’s recitation of the incident is impermissible hearsay. In opposition, the People aver that: (a) the original video was destroyed or deleted by the owner, (b) the owner of the original video was not under the People’s control, (c) the cell phone copy of the video was an accurate *335 recording of the original, (d) the People introduced the video copy without audio, and (e) the video copy was ultimately authenticated by the defendant.
When the People seek to admit a recording, they bear the burden of establishing that the recording is an unaltered original by clear and convincing evidence (People v Ely, 68 NY2d 520, 527 [1986]). While there is no one prescribed method to establish foundation, such evidence may come from: (a) a participant to the recording; (b) the technician making the recording, testifying to the completeness and accuracy of the recording; (c) testimony from a participant or technician in conjunction with an expert witness to further establish that the recording has not been altered; or (d) chain of custody of the recording in addition to testimony of the making of the recording by a participant or technician {id. at 527-528). These are only some examples of how a recording may be introduced, but are not the exclusive methods allowed by law to lay a foundation for admission of a recording, (People v Patterson, 93 NY2d 80 [1999].) Additionally, any gaps in the chain of custody go to the weight afforded to the recording and not the admissibility of the recording (Ely at 528). Gaps in the proof for admissibility cannot be remedied by the defendant’s testimony, particularly where the defendant challenges the recording {id.).
The best evidence rule applies only when (a) the original is unavailable through no fault of the People, and (b) the defendant challenges the content of the copy (People v Haggerty, 23 NY3d 871, 876 [2014]). A challenged subsequent recording of an original recording implicates the best evidence rule and requires that the proffering party lay a proper foundation before the recording is admitted in evidence (People v Bell, 5 AD3d 858 [3d Dept 2004]). An adequate foundation can be laid by firsthand testimony of the victim of an assault (People v France, 120 AD3d 1357 [2d Dept 2014]), or by the testimony of a witness to the original incident (People v Rendon, 273 AD2d 616, 618 [3d Dept 2000], Iv denied 95 NY2d 968 [2000]). Thus, a violation of the best evidence rule occurs only where the witness cannot recall the events (People v Roberts, 66 AD3d 1135 [3d Dept 2009], on appeal after remit 108 AD3d 947 [3d Dept 2013], Iv denied 22 NY3d 852 [2013]), or the proffering witness did not observe the events firsthand (People v Cyrus, 48 AD3d 150 [1st Dept 2007], Iv denied 10 NY3d 763 [2008]). However, when a participant to the contents of the challenged recording testifies to a firsthand account of the contents of a challenged *336 recording prior to its admission into evidence any deficiency in the proof goes to the weight of the evidence and not the admission of the evidence (People v Haggerty, 23 NY3d 871, 876 [2014]). Thus, where there is independent testimony of the crime before the admission into evidence of a challenged video, there is no violation of the best evidence rule (id.).
In the instant case, the defendant and victim had an altercation at a drug treatment facility. The facility recorded the incident through the use of internal surveillance cameras. Subsequently, someone recorded the facility surveillance recording by using a cell phone camera to record the surveillance recording while the altercation between the defendant and victim was displayed on a television screen. The original surveillance recording was not introduced into evidence. Rather, the People introduced the subsequent cell phone video recording, through the testimony of the alleged victim, because the original recording had been deleted by the drug treatment facility. The People introduced the video without sound so that the inflammatory comments of the recorder would not be conveyed to the grand jury.
The People bore the burden of laying a proper foundation for the introduction of the subsequent video evidence in the grand jury (People v Ely, 68 NY2d 520, 527 [1986]). The People’s argument that the defendant authenticated the video after the video was already in evidence is, therefore, without merit (id.). The video, introduced by the People, does implicate the best evidence rule as it was a subsequent video recording of the original video (People v Haggerty, 23 NY3d 871, 876 [2014]; People v Bell, 5 AD3d 858 [3d Dept 2004]). However, the People nevertheless did lay a proper foundation by clear and convincing evidence when the victim recalled, firsthand, the circumstances of the alleged assault, and did so prior to admission of the video in the grand jury (People v Haggerty, 23 NY3d 871, 876 [2014]; People v Patterson, 93 NY2d 80 [1999]; People v France, 120 AD3d 1357 [2d Dept 2014]; People v Roberts, 66 AD3d 1135 [3d Dept 2009]; People v Cyrus, 48 AD3d 150 [1st Dept 2007]). Since the witness was able to testify firsthand as to the events that occurred and what was depicted on the video that was entered into evidence, any deficiencies went to the weight of the video not the admissibility of the video. (People v Haggerty, 23 NY3d 871, 876 [2014]; People v Messina, 43 Misc 3d 78, 82 [App Term, 2d Dept, 9th & 10th Jud Dists 2014], Iv denied 23 NY3d 1022 [2014]; People v Campbell, 24 Misc 3d *337 82, 84 [App Term, 2d Dept, 9th & 10th Jud Dists 2009], Iv denied 13 NY3d 795 [2009].) It is of no moment that the video does not display the entire confrontation so long as the part of the video that was displayed to the grand jury was not altered or otherwise tampered with (People v Devers, 82 AD3d 1261 [2d Dept 2011], Iv denied 17 NY3d 794 [2011]). Moreover, any purported deficiency to the foundation of the video evidence does not require the exceptional remedy of dismissal of the indictment in light of the witness’ firsthand account of the incident (People v Thompson, 22 NY3d 687, 699 [2014]). The People correctly focused on the firsthand testimony from the victim and then on the video, which the grand jury could ascribe whatever weight the grand jury chose as the factfinders.
Duplicitous
“An indictment is duplicitous when a single count charges more than one offense .... There is no infallible formula for deciding how many crimes are committed in a particular sequence of events . . . . As a general rule, however, it may be said that where a defendant, in an uninterrupted course of conduct directed at a single victim, violates a single provision of the Penal Law, he commits but a single crime. Thus, a physical attack by one person upon another is normally but one assault, though the attacker may hit the victim several times. A contrary rule would offer a temptation to abuse.” (People v Alonzo, 16 NY3d 267, 269-270 [2011].)
The fact that more than one dangerous instrument allegedly was used by the defendant, and more than one blow was struck causing the complainant several injuries, does not transform a single criminal incident into multiple assaults which must be charged by separate counts. (People v Kaid, 43 AD3d 1077, 1080 [2d Dept 2007].)
Here, the evidence presented to the grand jury was one continuous act. The defendant allegedly approached the complainant while the defendant held a cell phone, struck the complainant with the cell phone, slammed the complainant into a chair and also onto the concrete floor. Indeed, even the defendant testified before the grand jury that the altercation happened very quickly in one continuous incident. In light of the evidence presented to the grand jury, and conceded by the defendant, the People properly charged count one and count *338 two as one continuous assault (People v Alonzo, 16 NY3d 267, 269 [2011]; People v Kaid, 43 AD3d 1077, 1080 [2d Dept 2007]). The defendant’s contention that count one and count two of the indictment must be dismissed is utterly without merit and is therefore denied (CPL 200.30 [1]).
Conclusion
The evidence that was before the grand jury, viewed in the light most favorable to the People, was legally sufficient to establish all of the offenses charged (People v Jensen, 86 NY2d 248, 252 [1995]; People v Mayer, 1 AD3d 461, 463 [2d Dept 2003]). Additionally, the instructions on the law as given by the Assistant District Attorney were proper (People v Calbud, Inc., 49 NY2d 389, 394-395 [1980]; People v Burch, 108 AD3d 679 [2d Dept 2013], Iv denied 22 NY3d 1087 [2014]). There was no violation of the best evidence rule (People v France, 120 AD3d 1357 [2d Dept 2014]), nor are any counts of the indictment duplicitous (People v Kaid, 43 AD3d 1077, 1080 [2d Dept 2007]).
Accordingly, defendant’s motion to re-inspect the grand jury minutes is granted (CPLR 2221); however, defendant’s motion to dismiss the indictment or any counts therein is denied (CPL 210.20, 210.35).