■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD E. HINES, JR., Appellant. [833 NYS2d 721]—

Lahtinen, J. Appeal from a judgment of the County Court of Columbia County (Czajka, J.), rendered September 8, 2004, upon a verdict convicting defendant of the crimes of assault in the second degree and assault in the third degree.

Defendant and his girlfriend (hereinafter the victim) had a dispute while at a Halloween party. He left the party before her and, when she returned to their apartment in the early morning hours of November 2, 2003, he allegedly struck her, knocked her to the floor, dragged her around by her hair and repeatedly

kicked her while wearing boots. When she managed to exit the apartment, he followed her to the street, where their loud arguing attracted the attention of a nearby individual, who reportedly witnessed assaultive conduct by defendant and contacted the police. Defendant was eventually indicted for assault in the second degree (two counts) and assault in the third degree. Prior to trial, one count of assault in the second degree was dismissed. The jury found him guilty of the remaining two counts. He was sentenced as a predicate felon to concurrent prison terms of seven years and one year on the respective counts. He now appeals.

The first argument advanced by defendant is that the second degree assault conviction was not supported by legally sufficient evidence. Specifically, he asserts that the proof at trial failed to establish that he was wearing boots during the assault or that his kicking caused the victim's injuries. When legal sufficiency is challenged, the evidence is viewed in the light most favorable to the prosecution and the jury's verdict will be upheld if there is a valid line of reasoning and permissible inferences supporting it (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Boots or shoes worn while kicking a victim can constitute a dangerous instrument under the assault statute (*see People v Chia Yen Yun*, 35 AD3d 494, 494 [2006]; *People v Hansen*, 203 AD2d 588, 588 [1994], *lv denied* 83 NY2d 967 [1994]; *People v O'Hara*, 124 AD2d 895, 896 [1986]). Here, the officer who arrested defendant shortly after the incident observed that defendant was wearing boots and the boots had a substance on them. The boots were found to have blood on them that matched the victim's DNA. Such facts, together with the victim's testimony that defendant "stomped" on her face and the severe nature of the victim's facial injuries, provided ample proof to uphold the second degree assault conviction (*see People v Bidwell*, 153 AD2d 960, 961 [1989]).

Next, we find no merit in defendant's assertion that the count of the indictment charging him with assault in the second degree was duplicitous because it covered acts occurring both inside and outside the apartment. "[A]n indictment is duplicitous when one count of the indictment charges more than one offense thereby rendering it virtually impossible to determine the particular act [as to each count] as to which the jury reached a unanimous verdict" (*People v Thomas*, 21 AD3d 643, 645 [2005], *lv denied* 6 NY3d 759 [2005] [internal quotation marks and citations omitted]; *see* CPL 200.30; *People v First Meridian Planning Corp.*, 86 NY2d 608, 615 [1995]; *People v Keindl*, 68 NY2d 410, 416-417 [1986]). This assault occurred over a short time

frame, without apparent abeyance, and was triggered by a single incident of anger. The fact that it moved from inside an apartment to outside when the victim attempted to escape does not render the second degree assault count duplicitous (*see generally People v Barber*, 13 AD3d 898, 899 [2004], *lv denied* 4 NY3d 796 [2005]).

Defendant contends that County Court violated *Crawford v Washington* (541 US 36 [2004]) when it allowed a neighbor who assisted the victim immediately after the incident to testify regarding their brief conversation. The victim, who could not recall the conversation, reportedly staggered to the neighbor's porch and, when asked by the neighbor "what happened," stated that her boyfriend had kicked her in the face. The neighbor, who was a paramedic, then inquired, "how many times," resulting in the victim replying "six to seven." These did not constitute "testimonial" statements and, accordingly, they were not precluded by *Crawford* (*see People v Bradley*, 8 NY3d 124, 127-128 [2006]; *People v Diaz*, 21 AD3d 58, 66-67 [2005], *appeal dismissed* 7 NY3d 831 [2006]).

The remaining arguments do not require extended discussion. County Court did not err in permitting photographs taken of the victim shortly after the assault to be admitted into evidence (*see People v Gagliardi*, 232 AD2d 879, 880-881 [1996]; *People v Wright*, 192 AD2d 875, 876-877 [1993], *lv denied* 82 NY2d 809 [1993]). The record amply supports the determination made following a suppression hearing that defendant's statements to the officer investigating the incident were made under circumstances in which " 'a reasonable person, innocent of any crime, . . . would believe that he or she was free to leave the presence of the police' " (*People v Strong*, 27 AD3d 1010, 1012 [2006], *lv denied* 7 NY3d 763 [2006], quoting *People v Vaughn*, 275 AD2d 484, 487 [2000], *lv denied* 96 NY2d 788 [2001]). The purported misconduct by the prosecutor did not deprive defendant of a fair trial (*see People v Kirker*, 21 AD3d 588, 589-590 [2005], *lv denied* 5 NY3d 853 [2005]; *People v McCombs*, 18 AD3d 888, 890 [2005]). Nor do we find, as asserted by defendant, that the victim's explanation for some of her prior inconsistent statements (i.e., she had been living in the same home as defendant until four months before trial) constituted impermissible evidence of prior uncharged bad acts by him under *People v Molineux* (168 NY 264 [1901]).

Crew III, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.