[856 NYS2d 801]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v AMBER
BAUMAN and CHARLES EDWARD LAFLER, Respondents.

Fourth Department, May 2, 2008

### APPEARANCES OF COUNSEL

*Michael C. Green, District Attorney*, Rochester (*Margaret Anne Jones* of counsel), for appellant.

*Edward J. Nowak, Public Defender*, Rochester (*William Clauss* of counsel), for Amber Bauman, respondent.

*Muldoon & Getz*, Rochester (*Gary Muldoon* of counsel), for Charles Edward Lafler, respondent.

### OPINION OF THE COURT

SCUDDER, P.J.

The People appeal from an order dismissing an indictment charging defendants with two counts of assault in the first degree, for intentional and depraved indifference assault (Penal Law § 120.10 [1], [3]). Supreme Court also granted the People leave to resubmit appropriate charges arising out of the conduct underlying the original counts. At the grand jury proceeding, the People presented evidence that defendants resided with the victim, who suffers from multiple sclerosis, and that over an eight-month period they allegedly struck the victim with, inter alia, their fists, a baseball bat and a hammer. That alleged conduct by defendants caused the victim to sustain various injuries, including a detached retina, fractured fingers, ribs and facial bones, and internal bleeding. The People also presented evidence that defendants allegedly burned the victim with a frying pan, scalded him with hot water, denied him food, locked him in a basement room for several hours at a time, and required him to sleep in the unheated basement on a plastic lawn chair. Emergency personnel who were called to the residence found the victim in the basement, near death.

Contrary to the People's contention, the court properly granted those parts of defendants' omnibus motions seeking dismissal of both counts of the indictment as duplicitous. Pursuant to CPL 200.30 (1), "[e]ach count of an indictment may charge one offense only." The Court of Appeals has written that "acts which separately and individually make out distinct crimes must be charged in separate and distinct counts . . . , and where one count alleges the commission of a particular offense occurring repeatedly during a designated period of time, that count encompasses more than one offense and is duplicitous" (*People v Keindl*, 68 NY2d 410, 417-418 [1986], *rearg denied* 69 NY2d 823 [1987]). "Whether multiple acts may be charged as a

continuing crime is resolved by reference to the language in the penal statute to determine whether the statutory definition of the crime necessarily contemplates a single act" (*People v Shack*, 86 NY2d 529, 540-541 [1995]).

Count one of the indictment charged defendants with intentional assault in the first degree, which is defined in relevant part as, "[w]ith intent to cause serious physical injury to another person, [the accused] causes such injury to such person . . . by means of a deadly weapon or a dangerous instrument" (Penal Law § 120.10 [1]). Count one alleges that "on or about and between August 1, 2004 and April 7, 2005 . . . with intent to cause serious physical injury . . . [defendants] caused such injury . . . by means of a dangerous instrument, to wit: a baseball bat and/or a frying pan and/or a vacuum cleaner and/or a hammer."

Here, the alleged use by defendants of multiple dangerous instruments caused the victim to sustain multiple serious physical injuries, including second degree burns, fractured facial bones, fingers, and ribs, as well as internal bleeding. We thus conclude that count one charges more than one offense. It is of particular "significan[ce]" that the charged conduct was not the product of one 'impulse', permitting only one prosecution no matter how long the action may continue, but[, rather, the charged conduct was the product of] successive and distinguishable impulses, each able to support a separate charge" (*People v Okafore*, 72 NY2d 81, 87 [1988]; *cf. People v Hines*, 39 AD3d 968, 969-970 [2007], *lv denied* 9 NY3d 876 [2007]). Indeed, we note that a jury might find both that defendants committed the offense of intentional assault by burning the victim's arm with a hot frying pan and that they committed the offense of intentional assault by breaking the victim's fingers with a hammer. Thus, in the event of a conviction, "there is such a multiplicity of acts encompassed in [count one] as to make it virtually impossible to determine the particular act [or acts of intentional assault] as to which the jury reached a unanimous verdict" (*Keindl*, 68 NY2d at 421; *cf. Hines*, 39 AD3d at 969-970). "The [potential] prejudice to the defendant[s] is manifest" (*Keindl*, 68 NY2d at 421).

We further conclude that count two of the indictment, charging defendants with depraved indifference assault (Penal Law § 120.10 [3]), also is duplicitous. That offense is defined as, "[u]nder circumstances evincing a depraved indifference to human life, [the accused] recklessly engages in conduct which cre-

ates a grave risk of death to another person, and thereby causes serious physical injury to another person" (*id.*). Count two alleges that defendants,

> "on or about and between August 1, 2004 and April 7, 2005, . . . under circumstances evincing a depraved indifference to human life, recklessly engaged in a course of conduct which created a grave risk of death to another person . . . by striking said person about the head and body with fists and/or a baseball bat and/or a hammer; and/or burning said person with a frying pan; and/or scalding said person with hot water; and/or placing a vacuum cleaner hose on said person's genital area; and/or providing inappropriate and/or inadequate nutrition; and/or subjecting said person to inadequate and/or inappropriate living conditions; and/or failing to seek medical attention and thereby caused serious physical injury to [said person]."

Although the alleged conduct in count two is not duplicitous with respect to the element of depraved indifference to human life, we nevertheless conclude that, as with count one, in the event of a conviction there "is such a multiplicity of acts . . . as to make it virtually impossible to determine the particular" conduct that allegedly created a grave risk of death or which serious injury was thereby caused, and thus whether the jury reached a unanimous verdict (*Keindl*, 68 NY2d at 421; *cf. Hines*, 39 AD3d at 969-970). A jury might find that the alleged aggregate conduct over the eight-month period created a grave risk of death, resulting in the serious physical injuries of lowered body temperature and unconsciousness of the victim, but it might also find that the alleged course of conduct of repeatedly beating the victim caused a grave risk of death resulting in the serious physical injuries of, inter alia, fractures and internal bleeding. Indeed, a jury might find on the alleged facts that defendants' ongoing conduct created a grave risk of death on several occasions over the eight-month period, each of which resulted in serious physical injury (*see generally* Penal Law § 120.10 [3]). By way of contrast, in the event that the same ongoing conduct alleged in count two had resulted in the death of the victim, the multiple acts would have caused a single result, i.e., death (*see* Penal Law § 125.25 [2]; *see generally People v Dickerson*, 42 AD3d 228, 234-235 [2007], *lv denied* 9 NY3d 960 [2007]). With respect to the offense of assault in the

first degree, Penal Law § 120.10 (3) contemplates that the result of reckless conduct creating a grave risk of death is serious physical injury and, here, there are multiple serious physical injuries that were caused by the alleged acts over the eight-month period. Thus, because count two alleged "the commission of a particular offense[, i.e., depraved indifference assault,] occurring repeatedly during a designated period of time" (*Keindl*, 68 NY2d at 418), that count is duplicitous (*see generally id.* at 417-418).

Accordingly, we conclude that the order should be affirmed.

FAHEY, J. (dissenting in part). We respectfully dissent in part. We agree with the majority that Supreme Court properly granted those parts of defendants' omnibus motions seeking dismissal of count one of the indictment, for intentional assault in the first degree (Penal Law § 120.10 [1]), as duplicitous. We conclude, however, that the court erred in granting those parts of the motions seeking dismissal of count two of the indictment, for depraved indifference assault in the first degree (§ 120.10 [3]), inasmuch as that count is not duplicitous.

From August 2004 to April 2005, the victim resided with his daughter and defendants. The victim, a 51-year-old man, was afflicted with multiple sclerosis. On April 7, 2005, emergency medical personnel responded to a call from the victim's daughter, whereupon they found the victim in the basement of his home. The victim was unresponsive, hypoglycemic and hypothermic. He was transported to the hospital, where it was determined that his body temperature was 80.6 degrees. His injuries included hand and facial fractures, as well as severe burns. Following a police investigation, defendants were charged with the two counts of assault based on 10 incidents that occurred "on or about and between August 1, 2004 and April 7, 2005." Those 10 incidents are as follows:

1. Defendant Amber Bauman bloodied the victim's nose with an aluminum baseball bat;

2. Bauman kneed the victim in the ribs and punched him repeatedly;

3. Defendant Charles Edward Lafler burned the victim's arm, using a pan;

4. Lafler "dragged" the victim into a bathtub filled with hot water, and the water burned the victim's feet;

5. Lafler hit the victim with a hammer, both on one of his hands and on his penis;

6. Lafler hit the victim in the back with his fists when the victim refused to eat cat feces;

7. Lafler hit the victim in the face on April 6, 2005, because he believed that the victim had sexually abused defendants' children;

8. Defendants often punched the victim in one of his eyes;

9. Defendants attached the hose of a running vacuum cleaner to the victim's penis; and

10. Defendants occasionally locked the victim in a cold room in the basement, where he was discovered on April 7, 2005.

In our view, depraved indifference assault must be considered a continuing crime. As set forth in 6 NY Practice, Criminal Law § 5:7, depraved indifference assault is established in the following circumstances:

> "First, the defendant must cause serious physical injury rather than only physical injury. Second, his [or her] conduct must create not merely a 'substantial' and unjustifiable risk of physical injury, but a 'grave risk of death.' Third, he [or she] must act not only with a *mens reas* of recklessness, but with an additional *mens rea* of 'depraved indifference to human life.' To establish the latter *mens rea*, his [or her] conduct must reflect an 'utter disregard for the value of human life' and reflect 'wickedness, evil or inhumanity, as manifested by brutal, heinous and despicable acts' " (*see also People v Dickerson*, 42 AD3d 228 [2007], *lv denied* 9 NY3d 960 [2007]; *People v Britt*, 283 AD2d 778 [2001], *lv denied* 96 NY2d 916 [2001]).

We thus conclude that depraved indifference assault is akin to the crimes of endangering the welfare of a child or depraved indifference murder, because it is "a crime that by its nature may be committed either by one act or by multiple acts and readily permits characterization as a continuing offense over a period of time" (*People v Keindl*, 68 NY2d 410, 421 [1986]; *see People v Brammer*, 189 AD2d 885 [1993], *lv denied* 81 NY2d 967 [1993]).

Based on our conclusion that depraved indifference assault is a continuing crime, we are then faced with the issue of duplicity.

> "A duplicitous count of an indictment . . . joins two or more distinct and separate offenses in the same

count. If a crime is defined by the performance of one act, the count that alleges the crime must allege only that act. Charges are not duplicitous if each count alleges a single incident or offense, or *if the acts charged constitute a continuous crime*" (41 Am Jur 2d, Indictments and Informations § 207 [emphasis added]; *see People v First Meridian Planning Corp.*, 86 NY2d 608, 615-616 [1995]; *Keindl*, 68 NY2d at 417-418).

An individual's guaranteed rights pertaining to indictments, as set forth in CPL 200.30 and 200.50, "guarantee three fundamental notions proclaimed repeatedly in case law" (*People v Butler*, 161 Misc 2d 980, 982 [1994, Berman, J.]). The first ensures that a defendant has notice of the charges against him or her and of the manner, time, and place of the conduct underlying the charges, to enable the defendant to prepare an answer. "The second entails a defendant's right to be brought to trial by means of an indictment containing allegations with sufficient precision 'to enable the defendant, once convicted, to raise the constitutional bar of double jeopardy against subsequent prosecutions for the same offense' " (*id.*). The third, concerning the requirement of specificity and the prohibition against duplicity, " 'ensures the reliability of the unanimous verdict' " (*id.*). Indeed, "[i]f two or more offenses are alleged in one count, individual jurors might vote to convict a defendant of that count on the basis of different offenses; the defendant would thus stand convicted under that count even though the jury may never have reached a unanimous verdict as to any one of the offenses" (*Keindl*, 68 NY2d at 418).

The test for duplicity that has evolved is whether, under a particular count alleged to be duplicitous, a defendant can "be convicted of [any] of the crimes charged therein, should the district attorney elect to waive the other[s]" (*People v Klipfel*, 160 NY 371, 374 [1899]; *see Butler*, 161 Misc 2d at 984). In *People v Buckley* (75 NY2d 843 [1990]), the Court of Appeals further elaborated on the test promulgated in *Klipfel*. In *Buckley*, the defendant was convicted of criminal possession of stolen property in the second degree (Penal Law § 165.45 [former (1)]), based upon his possession, along with his codefendants, of four stolen radar detectors that were owned by four different individuals, the aggregate value of which exceeded $250. Individually, however, the four stolen radar detectors did not have a value in excess of $250. Defense counsel contended that,

because the four stolen radar detectors each belonged to different owners, each stolen radar detector amounted to a different offense (*see Buckley*, 75 NY2d at 845-846). In rejecting that contention, the Court of Appeals determined that the disputed count of the indictment was not duplicitous pursuant to the test promulgated in *Klipfel* inasmuch as none of the radar detectors had a value in excess of $250 and the defendant in *Buckley* thus could not have been convicted of the crime charged with respect to any single radar detector. The Court further rejected the defendant's contention that the stolen property was required to have belonged to only one owner. The analysis of the Court of Appeals in *Buckley* establishes that "the gravamen of the offense [of criminal possession of stolen property in the second degree] is the knowing possession of stolen property[,] and the character of the act is not affected by the fact that the property may have belonged to several owners rather than one" (*id.* at 846).

Gravamen is the essence of a claim (*see* Black's Law Dictionary 721 [8th ed 2004]). Here, the gravamen of the act of depraved indifference assault is that the defendants acted with depraved indifference. The character of the act is defined by the ongoing abuse of the victim, which resulted in both serious physical injury *and a grave risk of death*. In view of our determination that depraved indifference assault is a continuing crime, we are compelled to conclude that there was only one occasion on which defendants' conduct resulted in serious physical injury and a grave risk of death, i.e., on April 7, 2005. We thus conclude that count two of the indictment is not duplicitous because it alleges a continuing offense with a series of serious physical injuries culminating in a grave risk of death on one occasion.

Finally, we note that, as the Court of Appeals stated in the context of depraved indifference murder, "a brutal, prolonged and ultimately fatal course of conduct against a particularly vulnerable victim" is a prime example of depraved indifference (*People v Suarez*, 6 NY3d 202, 212 [2005]). Such a course of conduct must necessarily involve multiple incidents. If one were to contend that the inclusion of multiple incidents renders a depraved indifference count duplicitous, then it would be impossible to prove an allegation of "a brutal [and] prolonged . . . course of conduct" in support of a charge of depraved indifference. The allegations of depraved indifference assault in this case, if proven, establish the requisite shocking and callous

conduct toward a particularly vulnerable victim over a prolonged period of time. For that reason, we dissent in part.

Accordingly, we would modify the order by denying those parts of defendants' omnibus motions seeking dismissal of count two of the indictment and reinstating that count of the indictment, and we would remit the matter to Supreme Court for further proceedings on count two of the indictment.

GORSKI and PERADOTTO, JJ., concur with SCUDDER, P.J.; FAHEY and LUNN, JJ., dissent in part and vote to modify in accordance in a separate opinion by FAHEY, J.

It is hereby ordered that the order so appealed from is affirmed.