[905 NE2d 1164, 878 NYS2d 235]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v AMBER
BAUMAN and CHARLES EDWARD LAFLER, Respondents.

Argued February 17, 2009; decided March 26, 2009

## POINTS OF COUNSEL

*Michael C. Green, District Attorney,* Rochester (*Kelly Christine Wolford* of counsel), for appellant. The indictment which charged defendants with two counts of assault in the first degree as a course of conduct is not duplicitous. (*People v Klipfel,* 160 NY 371; *People v Sanchez,* 84 NY2d 440; *People v Keindl,* 68 NY2d 410; *People v Iannone,* 45 NY2d 589; *People v Davis,* 72 NY2d 32; *People v Wells,* 7 NY3d 51; *People v Shack,* 86 NY2d 529; *People v Beauchamp,* 74 NY2d 639; *People v Buckley,* 75 NY2d 843; *People v First Meridian Planning Corp.,* 86 NY2d 608.)

*Timothy P. Donaher, Public Defender,* Rochester (*William Clauss* of counsel), for Amber Bauman, respondent. I. The depraved indifference assault count was properly dismissed because it charged more than one offense, it failed to give fair notice and it impermissibly jeopardized the jury's obligation to render a unanimous verdict. (*People v Iannone,* 45 NY2d 589; *People v Keindl,* 68 NY2d 410; *People v Okafore,* 72 NY2d 81; *People v Davis,* 72 NY2d 32; *People v Beauchamp,* 74 NY2d 639; *People v Sanchez,* 84 NY2d 440; *People v Morris,* 61 NY2d 290; *People v Shack,* 86 NY2d 529; *People v First Meridian Planning Corp.,* 86 NY2d 608; *Matter of Johnson v Morgenthau,* 69 NY2d 148.) II. The intentional assault count was properly dismissed. (*People v Keindl,* 68 NY2d 410.)

*Muldoon & Getz,* Rochester (*Gary Muldoon* of counsel), for Charles Lafler, respondent. The indictment, which grouped together 10 different allegations of actions allegedly committed by three different people, is duplicitous. (*People v Sedlock,* 8 NY3d 535; *People v Sanchez,* 84 NY2d 440; *People v Watt,* 81 NY2d 772; *People v Keindl,* 68 NY2d 410; *People v Morris,* 61 NY2d 290; *People v Payne,* 241 AD2d 466; *People v Pryce,* 41

AD3d 983; *People v Dunton,* 30 AD3d 828; *People v Del-Debbio,* 244 AD2d 195; *People v Hines,* 39 AD3d 968.)

## OPINION OF THE COURT

JONES, J.

The issue before this Court is whether an indictment charging depraved indifference assault under Penal Law § 120.10 (3) which alleges 11 acts over an eight-month period under one count violates Criminal Procedure Law § 200.30 (1).

By indictment, defendants were charged with one count of intentional assault under Penal Law § 120.10 (1) (the first count) for allegedly causing injury to victim by means of "a baseball bat[,] and/or a frying pan[,] and/or a vacuum cleaner[,] and/or a hammer," and one count of depraved indifference assault under Penal Law § 120.10 (3) (the second count) for allegedly

> "striking [victim] about the head and body with fists and/or a baseball bat and/or a hammer; and/or burning said person with a frying pan; and/or scalding said person with hot water; and/or placing a vacuum cleaner hose on said person's genital area; and/or providing inappropriate and/or inadequate nutrition; and/or subjecting said person to inadequate and/or inappropriate living conditions; and/or failing to seek medical attention" during a period from August 1, 2004 to April 7, 2005.

Supreme Court granted defendants' motions to dismiss both counts of the indictment on the ground of duplicity and the Appellate Division, in a 3-2 decision, affirmed (51 AD3d 316 [2008]). The dissent below disagreed on the issue of duplicity only with respect to the second count (*id.* at 320). We agree with the majority below and now affirm.

CPL 200.30 (1) provides that "[e]ach count of an indictment may charge one offense only." As this Court explained in *People v Keindl* (68 NY2d 410 [1986]), "acts which separately and individually make out distinct crimes must be charged in separate and distinct counts, and where one count alleges the commission of a particular offense occurring repeatedly during a designated period of time, that count encompasses more than one offense and is duplicitous" (*id.* at 417-418 [citations omitted]). Compliance with CPL 200.30 (1) is essential because "[t]he prohibition against duplicity furthers not only the func-

tions of notice to a defendant and of assurance against double jeopardy, but also ensures the reliability of the unanimous verdict" (*id.* at 418).

Here, the second count of the indictment was pleaded in a manner which made it duplicitous. This count, alleging 11 incidents over an eight-month period, encompassed "such a multiplicity of acts . . . as to make it virtually impossible to determine the particular act of [assault] . . . as to which [a] jury [could] reach[ ] a unanimous verdict" (*id.* at 421). The first count is similarly defective. Were these counts to stand as pleaded, "individual jurors might vote to convict . . . defendant[s] of [each] count on the basis of different offenses" and "defendant[s] would thus stand convicted under [each] count even though the jury may never have reached a unanimous verdict as to any one of the offenses" (*id.* at 418).

Our decision in this case is not inconsistent with the People's argument that depraved indifference assault can be a continuing crime and that the element of depravity can be alleged by establishing that defendant engaged in a course of conduct over a period of time. Notwithstanding this point, the indictment in this case was defectively pleaded and properly dismissed. The conclusion of the dissenting Justices below that April 7, 2005 should be the date "on which defendants' conduct resulted in serious physical injury and a grave risk of death" (51 AD3d at 323) does not salvage the second count because setting this date amounts to an improper amendment to the indictment.

Our dissenting colleagues are of the view that some or all of defendants' acts—and not any single act—could have created the grave risk of death and the jury could unanimously agree on this before convicting defendants of depraved indifference assault. However, the People's use of the conjunction "and/or" between each act undercuts this position. Despite the possibility that a jury could find that the entire course of conduct created a grave risk of death, given the "and/or" language, a jury could just as easily find that defendants committed only one of the alleged acts; not only would a single act not be sufficient to establish a course of conduct but we still would not know on which particular act defendants were convicted.

In addition, the dissent, citing *People v Suarez* (6 NY3d 202 [2005]), analogizes the pleading of depraved indifference murder to that of depraved indifference assault and argues that "the only distinction between those crimes is that, under the

former, the conduct must cause the death of another person as opposed to serious physical injury" (dissenting op at 157). We believe that the injury element is the precise point which distinguishes these crimes for the purpose of a duplicity analysis. Where the resulting injury is "death of another person" (Penal Law § 125.25 [2]), regardless of how many acts are alleged in a single count, there can always only be one completed offense— the victim can only die once. However, where, as here, the injury is "serious physical injury to another person" (Penal Law § 120.10 [3]), there can be (and might well have been in this case) multiple instances of serious physical injury and, consequently, multiple completed offenses.

Accordingly, the order of the Appellate Division should be affirmed.

Pigott, J. (dissenting in part). Although I agree with the majority that depraved indifference assault can be a continuing offense, I respectfully dissent because, in my view, the majority's conclusion that count two "was pleaded in a manner which made it duplicitous" is inconsistent with its later statement "depraved indifference assault can be a continuing crime" (majority op at 155).

A person is guilty of depraved indifference assault in the first degree when, "[u]nder circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes serious physical injury to another person" (Penal Law § 120.10 [3]). Count two of this indictment lists the elements of that offense and then identifies the multiple acts allegedly engaged in by defendants while acting in concert. In my view, contrary to the majority's opinion, the pleading of multiple acts under this one count does not threaten the reliability of a unanimous verdict, because it is defendants' course of conduct, and whether that conduct is deemed to be reckless and to have created a grave risk of death—and not any singular act—upon which the jury must unanimously agree before defendants may be convicted of depraved indifference assault. Therefore, unlike the multiple intentional assault allegations charged in count one—which are indeed duplicative—it is the alleged multiple acts of defendants, over a period of eight months, that support count two, because some or all of those acts, if proven, could lead a jury to conclude that defendants' conduct created a grave risk of death, resulting in serious physical injury to the victim.

In a related context, in *People v Suarez* (6 NY3d 202 [2005]), we stated that depraved indifference murder is "established when a defendant—acting with a conscious objective not to kill but to harm—engages in torture or a brutal, prolonged and ultimately fatal course of conduct against a particularly vulnerable victim" (*Suarez*, 6 NY3d at 212). Clearly, if more than one act may be alleged within the parameters of a depraved indifference murder count, so too may more than one act be alleged with respect to the crime of depraved indifference assault, because the only distinction between those crimes is that, under the former, the conduct must cause the death of another person as opposed to serious physical injury. Had the victim died in this case, under our jurisprudence, the People would have been able to allege multiple acts in a depraved indifference murder count. The same result should follow here.

In my view, the indictment sufficiently alleges that on April 7, 2005, the conduct of defendants had "resulted in serious physical injury and a grave risk of death" (*People v Bauman*, 51 AD3d 316, 323 [4th Dept 2008, Fahey, J., dissenting in part]), because it was at that time that the victim is alleged to have been found by emergency personnel in a hypothermic condition and near death.

Based on the foregoing, I would modify the order of the Appellate Division by reinstating the second count and would otherwise affirm.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO and READ concur with Judge JONES; Judge PIGOTT dissents in part and votes to modify in a separate opinion in which Judge SMITH concurs.

Order affirmed.