[945 NE2d 495, 920 NYS2d 302]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOSE CA-
SIANO ALONZO, Respondent.

Argued January 13, 2011; decided February 24, 2011

**POINTS OF COUNSEL**

*Janet DiFiore, District Attorney*, White Plains (*Raffaelina Gianfrancesco, Lois Cullen Valerio* and *Anthony J. Servino* of counsel), for appellant. Counts two and five of the indictment charging separate and distinct acts of sexual abuse were improperly dismissed as multiplicitous. (*People v Keindl*, 68 NY2d 410; *People v Bauman*, 12 NY3d 152; *People v Senisi*, 196 AD2d 376; *People v Brandel*, 306 AD2d 860; *People v Kindlon*, 217 AD2d 793; *Blockburger v United States*, 284 US 299; *People v Watson*, 281 AD2d 691; *People v Garcia*, 13 AD3d 818; *People v Moffitt*, 20 AD3d 687; *People v George*, 255 AD2d 881.)

*Legal Aid Society*, White Plains (*Joana Otaiza* and *Stephen J. Pittari* of counsel), for respondent. Counts two and five of the indictment were properly dismissed as multiplicitous because the unit of prosecution for sexual abuse is any touching of the sexual or intimate parts of a person. (*People v Senisi*, 196 AD2d 376; *Missouri v Hunter*, 459 US 359; *People v Barnes*, 64 AD3d 890; *People v Aarons*, 296 AD2d 508; *People v Moffitt*, 20 AD3d 687; *People v Cruz*, 41 AD3d 893; *Ball v United States*, 470 US 856.)

**OPINION OF THE COURT**

SMITH, J.

We hold that, where the evidence before a grand jury shows a single, uninterrupted attack in which the attacker gropes several parts of a victim's body, the attacker may be charged with only one count of sexual abuse.

I

According to the evidence presented to a grand jury, defendant persuaded two women to visit him in the middle of the night at the apartment of a friend of his. After a short stay, the women decided they wanted to leave, but found that the door was locked and defendant had concealed the key. An argument

on this subject woke another person in the apartment, who persuaded defendant to open the door.

Defendant followed the women out of the building, grabbed one of them from behind and knocked her to the ground. He pinned her down with his body and groped her breasts and buttocks, while the second woman tried to protect her friend by hitting defendant, pulling his hair and screaming. Defendant responded by throwing the second woman down and getting on top of her in turn, groping her breasts and buttocks also. The first victim then came to the aid of the second, hitting and biting defendant and finally ending the encounter with a kick to the stomach that gave the women a chance to run away.

The grand jury indicted defendant on two counts of unlawful imprisonment and four of sexual abuse. Only the sexual abuse counts concern us here. There are two for each victim, the first alleging forcible hand-to-breast contact, the second hand-to-buttocks. (The second count relating to the second victim uses the word "breast" rather than "buttocks," but the grand jury transcript shows this to be an error.) Defendant moved to dismiss two of the four counts as multiplicitous. County Court granted his motion, and the Appellate Division affirmed (*People v Alonzo*, 62 AD3d 720 [2009]). A Judge of this Court granted the People leave to appeal (13 NY3d 936 [2010]), and we now affirm.

## II

Prosecutors and grand juries must steer between the evils known as "duplicity" and "multiplicity." An indictment is duplicitous when a single count charges more than one offense (*e.g. People v Bauman*, 12 NY3d 152 [2009]; *People v Keindl*, 68 NY2d 410 [1986]). It is multiplicitous when a single offense is charged in more than one count (*e.g. People v Senisi*, 196 AD2d 376 [2d Dept 1994]). A duplicitous indictment may fail to give a defendant adequate notice and opportunity to defend; it may impair his ability to assert the protection against double jeopardy in a future case; and it may undermine the requirement of jury unanimity, for if jurors are considering separate crimes in a single count, some may find the defendant guilty of one, and some of the other. If an indictment is multiplicitous it creates the risk that a defendant will be punished for, or stigmatized with a conviction of, more crimes than he actually committed.

There is no infallible formula for deciding how many crimes are committed in a particular sequence of events. In each case,

the ultimate question is which result is more consistent with the Legislature's intention. As a general rule, however, it may be said that where a defendant, in an uninterrupted course of conduct directed at a single victim, violates a single provision of the Penal Law, he commits but a single crime. Thus, a physical attack by one person upon another is normally but one assault, though the attacker may hit the victim several times. A contrary rule would offer a temptation to abuse: Where there were 10 swings of a fist, a prosecutor might obtain 10 convictions growing out of a single incident—and could even seek 10 consecutive sentences, for Penal Law § 70.25 (2) does not require concurrent sentencing for crimes committed through separate acts.

Penal Law § 130.65 (1) says that "[a] person is guilty of sexual abuse in the first degree when he or she subjects another person to sexual contact . . . [b]y forcible compulsion." "Sexual contact" is defined as "any touching of the sexual or other intimate parts of a person for the purpose of gratifying sexual desire" (Penal Law § 130.00 [3]). Here, to use the words of the Appellate Division in *People v Moffitt* (20 AD3d 687, 690 [3d Dept 2005]) (quoted by County Court below), there was "but a single, uninterrupted occurrence of forcible compulsion." It is true, as the People point out, that there were at least two— indeed probably more—occurrences of "sexual contact." Unsurprisingly, neither victim claimed to remember exactly how often defendant removed his hand and touched her again in the course of groping her, or how often he moved a hand from one body part to another, but it is clear that this happened repeatedly. To hold that each such movement of the hand may be prosecuted as a separate crime would be contrary to common sense.

Thus, the indictment as returned by the grand jury was multiplicitous (*accord Woellhaf v People*, 105 P3d 209 [Colo 2005]). The People err in suggesting that it would have been duplicitous to include the groping of each victim's breasts and buttocks in a single count. Neither of our leading cases on duplicity, *Keindl* and *Bauman,* involves a single, uninterrupted criminal act. In *Keindl,* several counts of an indictment were held duplicitous when they alleged separate acts of sodomy or sexual abuse occurring on various occasions over a period of weeks or months (68 NY2d at 419). In *Bauman,* we held an assault count duplicitous where it alleged 11 incidents over an eight-month period (12 NY3d at 155).

The evidence in this case clearly shows a single crime of sexual abuse against each victim. Other cases may not be so clear.

Where the evidence reasonably permits a grand jury to find that either one or two crimes occurred, an indictment charging two should not be dismissed: When the case is tried, the court can reevaluate the evidence and decide how many crimes the trial jury should consider. Here, however, a single count as to each victim is all the grand jury evidence will support.

Accordingly, the order of the Appellate Division should be affirmed.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, PIGOTT and JONES concur.

Order affirmed.