■ The People of the State of New York, Respondent, v Earl F. Sprague, III, Appellant. [59 NYS3d 221]—

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered January 22, 2014. The appeal was held by this Court by order entered June 17, 2016, decision was reserved and the matter was remitted to Genesee County Court for further proceedings (140 AD3d 1784). The proceedings were held and completed.

It is hereby ordered that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by reversing those parts convicting defendant of sexual abuse in the first degree under counts 2, 5, 13 through 17, and 25 through 28 of indictment No. 5548 and dismissing those counts of the indictment, and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of 28 counts of sexual abuse in the first degree (Penal Law § 130.65 [3]) and three counts of criminal contempt in the second degree (§ 215.50 [3]). The charges arose from allegations that defendant sexually abused two female victims less than 11 years old. We previously remitted this matter to County Court for a ruling on defendant's motion for a trial order of dismissal (*People v Sprague*, 140 AD3d 1784 [2016]). Upon remittal, the court denied the motion.

With respect to the facts of this case, we note that the grand jury charged defendant by indictment No. 5548 with 28 counts of sexual abuse in the first degree. A bill of particulars provided that counts 1, 3, 4, 6 through 12, and 18 through 24 were based on allegations that defendant touched a victim's vagina, and counts 2, 5, 13 through 17, and 25 through 28 were based on allegations that defendant had a victim touch his penis. Before trial, the court consolidated indictment No. 5548 with two other indictments charging defendant with additional crimes. Both victims testified at trial. One victim testified that, on two separate occasions, defendant touched her vagina, and that, on one of those occasions, he had her touch his penis. The other victim testified that, on 15 separate occasions, defendant touched her vagina, and that, on 10 of those occasions, he had her touch his penis.

We agree with defendant that the indictment is multiplicitous because it included separate counts of sexual abuse in the first degree for incidents in which defendant allegedly touched the victim's vagina while he had the victim simultaneously touch his penis. Although defendant did not challenge the indictment on that ground and thus failed to preserve his contention for our review (*see People v Fulton*, 133 AD3d 1194, 1194-1195 [2015], *lv denied* 26 NY3d 1109 [2016], *reconsideration denied* 27 NY3d 997 [2016]), we exercise our discretion to review the contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

An indictment is multiplicitous "when a single offense is charged in more than one count" (*People v Alonzo*, 16 NY3d 267, 269 [2011]; *see People v Casiano*, 117 AD3d 1507, 1509

[2014]). A person commits the criminal offense of sexual abuse in the first degree when he or she subjects a person under 11 years old to sexual contact (*see* Penal Law § 130.65 [3]). Nevertheless, a defendant may not be charged with separate counts of sexual abuse in the first degree for each instance of unlawful sexual contact where the instances of sexual contact constitute "a single, uninterrupted criminal act" (*Alonzo*, 16 NY3d at 270; *see People v Kelly*, 148 AD3d 585, 585 [2017]). Here, for each instance of defendant touching a victim's vagina, defendant was properly charged with a single and distinct count. By contrast, for each instance of defendant compelling a victim to touch his penis while defendant was simultaneously touching that victim's vagina, defendant was charged with two separate counts. Charging two separate counts under those facts was improper inasmuch as the actions alleged in each pair of counts constituted a single, uninterrupted criminal act. We thus conclude that the indictment was multiplicitous, and we therefore dismiss counts 2, 5, 13 through 17, and 25 through 28 of indictment No. 5548.

Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to support the convictions on the remaining counts (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). We further conclude that, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). Insofar as defendant contends that he was denied effective assistance of counsel, we reject that contention (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]).

Defendant failed to preserve for our review his contention that the court did not provide him with an opportunity to propose a response to a jury note (*see People v Nealon*, 26 NY3d 152, 158 [2015]). We reject defendant's contention that preservation is not required because the court's handling of the note constituted a mode of proceedings error (*see generally People v O'Rama*, 78 NY2d 270, 279 [1991]). "Where, as here, counsel has meaningful notice of a substantive jury note because the court has read the precise content of the note into the record in the presence of counsel, defendant, and the jury, the court's failure to discuss the note with counsel before recalling the jury is not a mode of proceedings error. Counsel is required to object to the court's procedure to preserve any such error for appellate review" (*Nealon*, 26 NY3d at 161-162). The record establishes that defendant had meaningful notice of the jury

note. Indeed, the jury note was merely a clarification of prior jury notes and there is no dispute that defendant had meaningful notice of, and an opportunity to propose a response to, the prior jury notes. Moreover, the court read the subject jury note into the record in the presence of defense counsel, defendant, and the jury (*see id.*; *People v Dame*, 144 AD3d 1625, 1625 [2016], *lv denied* 29 NY3d 948 [2017]).

We reject defendant's contention that the court's *Molineux* ruling constituted an abuse of discretion. The victims' testimony that defendant assaulted their mother was admissible to explain the victims' delay in reporting the sexual abuse (*see People v Nicholson*, 26 NY3d 813, 829-830 [2016]; *People v Hill*, 121 AD3d 469, 469 [2014], *lv denied* 25 NY3d 1165 [2015]; *see generally People v Molineux*, 168 NY 264, 291-294 [1901]). Moreover, the court's detailed written *Molineux* ruling precluded testimony about events that the victims did not observe, as well as testimony about defendant's drug use and his encouraging one of the victims to sell drugs, thus demonstrating that the court weighed the probative value of all of the proposed evidence against its potential for prejudice (*see People v Rivers*, 82 AD3d 1623, 1623 [2011], *lv denied* 17 NY3d 904 [2011]).

Finally, the sentence is not unduly harsh or severe. Present—Whalen, P.J., Carni, NeMoyer, Troutman and Scudder, JJ.