People v Maldonado (2019 NY Slip Op 08513)





People v Maldonado


2019 NY Slip Op 08513


Decided on November 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2019

Friedman, J.P., Renwick, Oing, Singh, JJ.


10430 3681/14

[*1] The People of the State of New York, Respondent,
v
Wilson Maldonado, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Emmanuel Hiram Arnaud of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Aaron Zucker of counsel), for respondent.



Judgment, Supreme Court, New York County (Roger S. Hayes, J.), rendered May 20, 2016, convicting defendant, after a nonjury trial, of criminal contempt in the second degree, and sentencing him to a term of one year, unanimously affirmed.
Defendant did not preserve his contention that the count charging second-degree criminal contempt was rendered duplicitous, or his related claim that the People's summation constructively amended the indictment and deprived defendant of fair notice of the charges, and we decline to review these claims in the interest of justice. As an alternative holding, we also reject them on the merits. It was the People's theory throughout that the altercation between defendant and the victim was a single continuous violation of an order of protection, as reflected in all relevant documents. It was permissible for the entire course of conduct to be charged as a single count of contempt (see People v Alonzo, 16 NY3d 267, 270 [2011]), and for the People to argue that theory (see People v Tucker, 41 AD3d 210, 211 [1st Dept 2007], lv denied 9 NY3d 882 [2007], cert denied 552 US 1153 [2008]).
We have considered and rejected defendant's ineffective assistance of counsel claims relating to the unpreserved issues (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]).
Defendant failed to preserve, and expressly waived, his claim that his right to a public trial was violated when the court heard legal arguments, outside the presence of spectators, in a room adjacent to the courtroom, and we decline to review it in the interest of justice (see People v Roberts, 31 NY3d 406, 426 [2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 21, 2019
DEPUTY CLERK