People v Omerovic (2020 NY Slip Op 05368)





People v Omerovic


2020 NY Slip Op 05368


Decided on October 2, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, CURRAN, AND BANNISTER, JJ.


663 KA 19-01119

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
FAHRUDIN OMEROVIC, DEFENDANT-APPELLANT. 






J. SCOTT PORTER, SENECA FALLS, FOR DEFENDANT-APPELLANT.
SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered February 28, 2019. The judgment convicted defendant upon a jury verdict of making a terroristic threat (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of making a terroristic threat (Penal Law § 490.20 [1]). Although defendant was not required to preserve his contention that County Court imposed illegal consecutive sentences (see People v Houston, 142 AD3d 1397, 1399 [4th Dept 2016], lv denied 28 NY3d 1146 [2017]), he was required, and failed, to preserve his related contention that the indictment is multiplicitous (see People v Kobza, 66 AD3d 1387, 1388 [4th Dept 2009], lv denied 13 NY3d 939 [2010]). In any event, both contentions lack merit. An indictment is considered multiplicitous when a single offense is charged in more than one count (see People v Alonzo, 16 NY3d 267, 269 [2011]; People v Sprague, 151 AD3d 1921, 1922-1923 [4th Dept 2017], lv denied 30 NY3d 1023 [2017]). Here, inasmuch as the events underlying the two counts occurred at distinct times on different days and as separate transactions, they did not constitute a " 'single, uninterrupted occurrence' " (Alonzo, 16 NY3d at 270; see generally People v Moffitt, 20 AD3d 687, 690-691 [3d Dept 2005], lv denied 5 NY3d 854 [2005]), and thus the indictment was not multiplicitous. Further, because the acts underlying the crimes were separate and distinct, the imposition of consecutive sentences was permissible (see People v Fuentes, 52 AD3d 1297, 1301 [4th Dept 2008], lv denied 11 NY3d 736 [2008]).
Finally, the sentence is not unduly harsh or severe.
Entered: October 2, 2020
Mark W. Bennett
Clerk of the Court