People v Greene (2023 NY Slip Op 00497)

People v Greene

2023 NY Slip Op 00497

Decided on February 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 02, 2023

Before: Manzanet-Daniels, J.P., González, Scarpulla, Shulman, Pitt-Burke, JJ. 

Ind No. 1570/17 3724/17 Appeal No. 17232 Case No. 2018-03037 

[*1]The People of the State of New York, Respondent,
v
Fabian Greene, Defendant-Appellant. 

Caprice R. Jenerson, Office of the Appellate Defender, New York (Margaret E. Knight of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Philip V. Tisne of counsel), for respondent.

Judgment, Supreme Court, New York County (Mark Dwyer, J. at omnibus motion; Robert M. Stolz, J. at jury trial and sentencing), rendered June 26, 2018, convicting defendant of grand larceny in the fourth degree and two counts of perjury in the first degree, and sentencing him, as a second felony offender, to an aggregate term of four to eight years, unanimously affirmed.
The motion court erred in determining that the two perjury counts of which defendant was ultimately convicted were not multiplicitous. As the statements that formed the basis of the perjury counts were each made during the course of defendant's grand jury testimony and involved the circumstances under which defendant came into possession of the victim's phone the two perjury counts were multiplicitous (see United States v Ragland, 3 Fed Appx 279, 284 [6th Cir 2001] [holding that two perjury counts were multiplicitous when false answers were given to "essentially the same question" that was slightly rephrased]; People v Alonzo, 16 NY3d 267, 269 [2011]; People v Ribowsky, 77 NY2d 284, 288-289 [1991]). However, defendant was sentenced to concurrent terms for the two counts, and thus no corrective action is needed (see People v Maitland, 159 AD3d 524, 525 [1st Dept 2018], lv denied 31 NY3d 1084 [2018]; People v Ohrenstein, 153 AD2d 342, 437 [1st Dept 1989], affd 77 NY2d 38 [1990]).
We reject defendant's contention that the court improperly allowed a bureau chief in the prosecutor's office, who testified about defendant's statements to the grand jury, to instruct the jury on the law concerning materiality for purposes of the perjury charges. The record shows that the court did not actually permit the witness to instruct the jury on the law of materiality, but that the court itself instructed the jury on this issue, and there is no basis for finding that "the court improperly surrendered its nondelegable judicial responsibility" (People v Melendez, 140 AD3d 421, 424 [1st Dept 2016]). In any event, we find that any error in this regard was harmless (see People v Davis, 58 NY2d 1102, 1104 [1983]).
By failing to object, by making general objections, by abandoning objections or by failing to request further relief after the court sustained objections, defendant failed to preserve his additional argument regarding the bureau chief's testimony, his challenges to a technology analyst's testimony about the operation of cell towers, or his challenges
to the prosecutor's summation, and we decline to review these claims in the interest of justice. As an alternative holding, we find no basis for reversal.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 2, 2023