People v Washington (2020 NY Slip Op 00373)





People v Washington


2020 NY Slip Op 00373


Decided on January 21, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 21, 2020

Manzanet-Daniels, J.P., Gesmer, Oing, Moulton, González, JJ.


10807 3239/14

[*1] The People of the State of New York, Respondent,
v
Kenneth Washington, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Victorien Wu of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Matthew B. White of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Barbara F. Newman, J.), rendered March 30, 2016, as amended April 5, 2016, convicting defendant, after a jury trial, of criminal sexual act in the first degree, rape in the third degree (two counts), grand larceny in the fourth degree (two counts), unlawful imprisonment in the second degree, assault in the third degree, criminal possession of stolen property in the fifth degree, unauthorized use of a vehicle in the third degree, operating a motor vehicle under the influence of alcohol (two counts), reckless endangerment in the second degree, reckless driving and leaving the scene of an accident, and sentencing him, as a second felony offender, to an aggregate term of 17 years, unanimously affirmed.
The court providently exercised its discretion in admitting a series of text messages exchanged between a person purporting to be defendant's mother and the victim two days after the crime. There was sufficient authentication, because an extensive chain of circumstantial evidence left no doubt that the texts came from defendant (see People v Lynes, 49 NY2d 286, 291-293 [1980]). Among other things, these intimidating texts, which contained damaging admissions, reached the victim at a disguised phone number that she had shared with defendant shortly after the crime, but had not shared with anyone else. The texts revealed a detailed knowledge of the incident and the relationship between defendant and the victim, and they explicitly discussed the sexual encounter. The sender admitted having the victim's car, bag and phone, which were taken during the incident, and defendant was apprehended a day later driving the victim's car. Viewed as a whole, and not as individual fragments, the circumstantial evidence made it highly improbable that anyone other than defendant (including the unapprehended second participant in the crime) sent the texts. In addition, the sender's phone number was registered to a former female friend of defendant.
The court properly denied defendant's motion to dismiss one count of third-degree rape. The two rapes were separate and distinct acts, notwithstanding that they occurred in the course of a continuous incident, because they were separated by the unapprehended accomplice's act of first-degree sexual abuse (see People v Alonzo, 16 NY3d 267, 269 [2011]).
The court properly exercised its discretion in declining to conduct an inquiry of a juror about whether she had violated the court's instructions not to discuss the case. The court conducted a sufficient inquiry when it ascertained from a court officer that the juror had only made an expression of annoyance at being shown a photograph in evidence without any forewarning about its explicit content. This innocuous remark fell far short of constituting a prohibited discussion of the case, the court's inquiry of the court officer sufficed to establish the content of the remark, and an inquiry of the juror herself might have been counterproductive (see People v Kuzdzal, 31 NY3d 478, 484-486 [2018]).
Defendant did not preserve the specific challenge that he raises on appeal to annotations on the verdict sheet, and we decline to review it in the interest of justice. We have considered and rejected defendant's arguments on the issue of preservation. As an alternative holding, we [*2]reject defendant's claim on the merits. The annotations placed by the court on the verdict sheet, which served to distinguish between counts without providing any legal instructions, fell within the category of permissible annotations set forth by the Court of Appeals in People v Lewis (23 NY3d 179, 187 [2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 21, 2020
CLERK