People v Butler (2020 NY Slip Op 03374)





People v Butler


2020 NY Slip Op 03374


Decided on June 17, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2017-12400
 (Ind. No. 2378/15)

[*1]The People of the State of New York, respondent,
v
Donald Butler, Sr., appellant.


Paul Skip Laisure, New York, NY (Sam Feldman of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Nancy Fitzpatrick Talcott, and Mariana Zelig of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (John B. Latella, J.), rendered October 16, 2017, convicting him of sexual abuse in the first degree (three counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Queens County, for a new trial.
The defendant was charged with one count of rape in the first degree and three counts of sexual abuse in the first degree arising out of two incidents on two separate dates that the complainant alleged occurred in the summer of 2009, when she was eight years old.
During a jury trial in September 2017, the People presented the testimony of the complainant, among others. The defendant testified on his own behalf. Thereafter, the jury found the defendant guilty of the three counts of sexual abuse but acquitted him of rape in the first degree.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Contrary to the defendant's contention, under the circumstances of this case, the defendant's acquittal of the charge of rape in the first degree does not undermine the weight of the evidence supporting the jury's verdict convicting him of sexual abuse in the first degree (see People v Edwards, 164 AD3d 830, 831; People v Candelario, 119 AD2d 585, 585).
The defendant's contention that counts two and three of the indictment are multiplicitous is unpreserved for appellate review (see CPL 210.20, 210.25; People v Clymer, 26 AD3d 443). In any event, although both counts charge sexual abuse in the first degree, they are not multiplicitous, as each count requires proof of an additional fact that the other does not and "a conviction on one count would not be inconsistent with acquittal on the other" (People v Barber, 133 [*2]AD3d 868, 869 [internal quotation marks omitted]; see People v Washington, 179 AD3d 522, 523; People v Hernandez, 171 AD3d 791, 792-793).
Nevertheless, the judgment must be reversed. Prior to the commencement of the trial, the defendant requested copies of the complainant's confidential mental health records, relating to mental health counseling that the complainant had engaged in approximately a year after she disclosed that, when she was younger, the defendant had raped and sexually abused her. After an in camera review of those records, which comprised 32 pages, the Supreme Court redacted most of the records, determining that the bulk of the records were not relevant and material. The court provided to the parties 10 heavily redacted pages of the 32 pages of records. Included in the court's redactions, and thus not provided to the parties, was a handwritten notation indicating "Sexual abuse denied." Also redacted was a portion of a one-page risk assessment checklist. Although the parties were given that portion of the checklist under the category "Clinical Status (Recent)," which contained a box checked off entitled "Agitation or severe anxiety," the court redacted the section of the checklist under that same category which contained an unchecked box entitled "Sexual abuse (lifetime)."
Upon our own review of the unredacted records, we agree with the defendant that disclosure of certain redacted information was required. A defendant is entitled to the disclosure of evidence favorable to his or her case "where the evidence is material" (Brady v Maryland, 373 US 83, 87; see People v McCray, 23 NY3d 193, 198). In New York, the test of materiality where, as here, the defendant has made a specific request for the evidence in question, is whether there is a "reasonable possibility" that the verdict would have been different if the evidence had been disclosed (People v Vilardi, 76 NY2d 67, 77; see People v McCray, 23 NY3d at 198).
The complainant and the defendant each testified and presented sharply divergent accounts of the events that were alleged to have occurred during the summer of 2009. The record shows that a determination of credibility was key to the jury's consideration of this case, as the jury acquitted the defendant of the charge of rape in the first degree but convicted him of the charges alleging sexual abuse in the first degree. Thus, the redacted portion of the complainant's mental health records which contains the statement "[s]exual abuse denied" and the portion of the checklist reflecting that "[s]exual abuse (lifetime)" was not checked off could be viewed by the jury as exculpatory and materially relevant to the matter (see People v Vilardi, 76 NY2d at 78). Since the jury had to weigh the credibility of the complainant and the defendant, this evidence, if disclosed, may have changed the result of the proceeding. Accordingly, the judgment must be reversed and the matter remitted for a new trial.
We also note that, contrary to the People's contention, counts two and three of the indictment charge sexual abuse in the first degree involving the same victim in a single continuous incident on the same day (see People v Alonzo, 16 NY3d 267, 270-271). Specifically, the allegation that the defendant touched the complainant's breast and vagina and that he thereafter had her touch his penis occurred during the parties' continuous interaction on the same day and are multiplicitous (see id. at 270-271). Thus, upon retrial, one of the counts must be dismissed (see id.; People v Campbell, 120 AD3d 827, 827-828).
The defendant's remaining contentions need not be reached in light of our determination.
DILLON, J.P., DUFFY, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court