People v Archer
2026 NY Slip Op 03975
June 24, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, appellant,
v
Jermaine Archer, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 24, 2026
2024-07797, (Ind. No. 2893/98)
Cheryl E. Chambers, J.P.
Linda Christopher
Carl J. Landicino
Phillip Hom, JJ.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Solomon Neubort of counsel), for appellant.
Peter A. Cross, New York, NY, for respondent.

[*1]
DECISION & ORDER
Appeal by the People from an order of the Supreme Court, Kings County (Craig S. Walker, J.), dated July 18, 2024, which, after a hearing, granted the defendant's motion pursuant to CPL 440.10 to vacate a judgment of the same court (Michael R. Juviler, J.) rendered October 12, 2000, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the order is affirmed.
The defendant was convicted, upon a jury verdict, of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, arising from a shooting in Brooklyn on July 21, 1997. In May 2021, the defendant moved pursuant to CPL 440.10 to vacate the judgment of conviction on the ground, inter alia, that the prosecution committed a Brady violation (see Brady v Maryland, 373 US 83, 83) by failing to disclose a relocation agreement with the People's principal witness. In an order dated July 18, 2024, the Supreme Court, after a hearing, granted the defendant's motion. The People appeal.
A defendant is entitled to the disclosure of evidence favorable to his or her case "where the evidence is material" (id. at 87; see People v Butler, 184 AD3d 704, 705). Impeachment evidence falls within the ambit of a prosecutor's Brady obligation (see Giglio v United States, 405 US 150, 154-155; People v Fuentes, 12 NY3d 259, 263). To make out a successful Brady claim, a defendant must show that (1) the evidence is favorable to the defendant because it is either exculpatory or impeaching in nature; (2) the evidence was suppressed by the prosecution; and (3) prejudice arose because the suppressed evidence was material (see People v McGhee, 36 NY3d 1063, 1064-1065). Absent a specific request by a defendant for the evidence, materiality can only be demonstrated by a showing that there is a reasonable probability that it would have changed the outcome of the proceedings (see People v Fuentes, 12 NY3d at 263).
Here, in opposition to the defendant's motion, the People submitted, inter alia, (1) a threat analysis dated April 19, 1999, which was the first day of jury selection in the defendant's trial, which stated that the People's principal witness was "scared and want[ed] a move" and was [*2]annotated "NO THREAT," and (2) handwritten notes, also dated April 19, 1999, stating that, per a deputy district attorney, the Kings County District Attorney's office would provide that witness with certain relocation assistance. At the hearing on the defendant's motion, the defendant's trial counsel testified that he did not receive any information about the relocation agreement and that he would have cross-examined the witness about the relocation agreement had he been informed of its existence.
Contrary to the People's contention, there is a reasonable probability that disclosure of the People's promise to provide relocation assistance to the only witness who identified the defendant as the shooter at trial would have changed the outcome of the proceedings, as "benefits conferred on a witness by a prosecutor provide a basis for the jury to question the veracity of a witness on the theory that the witness may be biased in favor of the People" (People v Colon, 13 NY3d 343, 350; see id. at 348; People v Flores, 217 AD3d 29, 45). The failure to turn over this evidence was aggravated by the prosecutor's argument during summation that the witness was "the only independent witness" and had "absolutely zero motive to lie."
Contrary to the People's further contention, the record does not demonstrate that the defendant was in a position to adequately raise this Brady violation upon his prior motion pursuant to CPL 440.10 (see id. §§ 440.10[3][c]; 440.30[4][b]).
Accordingly, the Supreme Court properly granted the defendant's motion to vacate the judgment of conviction.
CHAMBERS, J.P., CHRISTOPHER, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court